**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-61314-GAYLES/STRAUSS**

**KEITH LORING STUART,** *et al.***,**

    Plaintiffs,

v.

**SARAH SHULLMAN,** *et al.***,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Currently pending before the Court are Plaintiffs' Motion to Remand ("Remand Motion") [DE 10] and Defendants' Motion to Strike and Motion to Dismiss the Second Amended Complaint ("Motion to Strike and Dismiss") [DE 5]. I have reviewed both motions and all pertinent portions of the record in this case. I also held a hearing regarding the Remand Motion and the issues discussed below on November 16, 2020 [*see* DE 31; DE 37]. For the reasons discussed herein, I **recommend** that this case be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and that all pending motions be **DENIED as moot**.[2]

---

[1] This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters [DE 29].

[2] My recommendation to remand this matter is not based upon the arguments made in the Remand Motion, which I find to be dubious. It is not necessary to reach Plaintiffs' arguments for remand because remand is required even if Plaintiffs' arguments fail. Importantly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). Having done so, I find that this Court lacks subject matter jurisdiction as discussed herein.

## BACKGROUND

This case, which was filed in state court in May 2017 and removed to this Court in July 2020, stems from a separate 2013 civil action ("2013 Case") that the Office of the Attorney General of the State of Florida ("OAG") brought against Plaintiffs. In the 2013 Case, multiple consent final judgments were entered in November 2015. Plaintiffs later sought to vacate those judgments, arguing, *inter alia*, that the OAG perpetrated a fraud on the court and violated Plaintiffs' due process rights. The state trial court entered an order granting Plaintiffs' motion to vacate in February 2018. The OAG successfully appealed that order. The state appellate court issued a written opinion in April 2019 reversing the decision of the trial court,[3] and its mandate followed in June 2019.

In this case, Plaintiffs seek redress for improprieties allegedly committed by the OAG and the other Defendants (OAG employees) in connection with the 2013 Case. At the time Plaintiffs commenced this case (in May 2017), their motion to vacate was pending in the 2013 Case. In their initial Complaint in this case, Plaintiffs asserted two fraud claims (Counts I and II) and claims for equitable and injunctive relief related to the judgments in the 2013 Case (Counts III and IV), all under state law.

In October 2018, Plaintiffs filed a Verified Amended Complaint for Fraud Seeking Damages, Equitable & Injunctive Relief ("First Amended Complaint"). The first four counts in their First Amended Complaint are similar to those asserted in their initial Complaint. However, Plaintiffs' First Amended Complaint added two additional counts (Counts V and VI) for defamation and tortious interference under state law. After considering a motion to dismiss the

---

[3] *See Off. of Att'y Gen., Dep't of Legal Affs. v. Nationwide Pools, Inc.*, 270 So. 3d 406 (Fla. 4th DCA 2019).

First Amended Complaint, the state trial court entered an order, dated December 4, 2018, dismissing Counts I and II with prejudice, staying Counts III and IV pending the appeal in the 2013 Case, and dismissing Counts V and VI without prejudice. The dismissal order provided Plaintiffs with twenty days to amend Counts V and VI and to add claims under 42 U.S.C. § 1983.

Although Plaintiffs did not file a subsequent amended complaint within the twenty-day period, they did file a motion for extension of time, seeking an extension through February 2, 2019 to amend their complaint. That motion for extension of time remains pending. Nonetheless, on June 2, 2020, without seeking or obtaining leave of court or Defendants' written consent,[4] Plaintiffs filed a Second Amended Complaint. With the exception of the tortious interference claim, it contains the same counts as the First Amended Complaint (including the fraud counts that were dismissed with prejudice); it also adds three § 1983 claims. Thereafter, on July 1, 2020, Defendants filed their Notice of Removal [DE 1].

## ANALYSIS

Because the Second Amended Complaint is a legal nullity, and thus was not the operative complaint at the time of removal, I recommend that the Court remand this case for lack of subject matter jurisdiction. *See Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1361 (S.D. Fla. 2016) ("The Court must determine whether it has subject matter jurisdiction based on the operative complaint at the time of removal.").[5] A defendant may remove a civil action from state court to federal district court, in the district and division where the action is pending, if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *PTA-FLA, Inc. v. ZTE USA,*

---

[4] *See infra* note 6.

[5] Both parties argued at the hearing that the Second Amended Complaint was the operative complaint at the time of removal. Nonetheless, subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties." *Univ. of S. Ala.*, 168 F.3d at 410.

*Inc.*, 844 F.3d 1299, 1304-05 (11th Cir. 2016).  Defendants assert that this Court has jurisdiction over Plaintiffs' § 1983 claims under 28 U.S.C. § 1331 and over Plaintiffs' remaining claims under 28 U.S.C. § 1367 [DE 1 ¶¶ 15-18].  *See* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall [generally] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Defendants would be correct as to this Court's jurisdiction if the Second Amended Complaint were the operative complaint at the time of removal (because it contains § 1983 claims).  However, the Second Amended Complaint is not the operative complaint because, as Defendants argue in their Motion to Strike and Dismiss [DE 5 at pp. 4-5], it was filed without leave of court or Defendants' consent.  Under the Florida Rules of Civil Procedure, "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party."  Fla. R. Civ. P. 1.190(a).  "When a party has filed an amended complaint without leave [or consent], both Florida courts and the Eleventh Circuit have held that the amended complaint should be treated as a nullity."  *Woide v. Ramsey & Assocs. Mortg. Co.*, No. 616CV1781ORL40KRS, 2016 WL 10564854, at *3 n.4 (M.D. Fla. Dec. 5, 2016), *report and recommendation adopted*, 2017 WL 5479699 (M.D. Fla. Mar. 1, 2017) (citing *Warner-Lambert Co. v. Patrick*, 428 So. 2d 718, 719 (Fla. 4th DCA 1983); *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988)).  *See also Explorer Ins. Co. v. Van Bockel*, 948 So. 2d 845, 847 (Fla. 2d DCA 2007) ("Because leave of court was required before Van Bockel could properly file the amended

4

complaint, *see* Fla. R. Civ. P. 1.190(a), and because Van Bockel never received leave of court, the amended complaint . . . was a *legal nullity*." (emphasis added) (citations omitted)); *Fusilier v. Markov*, 676 So. 2d 1053, 1054 (Fla. 3d DCA 1996) ("Fusilier maintains that since Markov did not obtain leave of the court or consent of the parties before he amended his complaint, his first amended complaint is a nullity to which no responsive pleading is due. We agree.").

As Plaintiffs had already amended their complaint once as a matter of course, they were required, under the plain language of Rule 1.190, to obtain leave of court or Defendants' written consent to file their Second Amended Complaint. It is clear that they did not obtain Defendants' written consent.[6] As to leave of court, they merely obtained leave to amend their complaint within 20 days of the state court's December 4, 2018 dismissal order. Yet they waited nearly 18 months to file their Second Amended Complaint. Although they filed a motion for extension of time to file a second amended complaint, it was never ruled upon. Even if the motion for extension of time had been granted, it only sought an extension of time to February 2, 2019. Thus, even with the (never actually granted) extended deadline, Plaintiffs' Second Amended Complaint still came 16 months after any leave to amend expired. Therefore, the record is clear that Plaintiffs did not have leave of court,[7] or consent, to file their Second Amended Complaint when they did.

---

[6] At the November 16, 2020 hearing, Plaintiffs argued that Defendants effectively consented to the filing of the Second Amended Complaint through an email exchange in late 2019 (again, the Second Amended Complaint was not filed until June 2020). However, those emails, which Plaintiffs filed after the hearing [*see* DE 38], do not demonstrate Defendants' "written consent" to file the Second Amended Complaint in any way.

[7] At the hearing, Plaintiffs argued that their course of conduct following their motion for extension of time – specifically, their attempts to compel mediation and a motion to stay filed in the fall of 2019 – demonstrates that they had not abandoned prosecution of their case. While this could potentially be an argument for why the state court may have granted Plaintiffs leave to file their Second Amended Complaint had they requested it, it is clear that Plaintiffs did not seek further leave to file their Second Amended Complaint and even clearer that the state court never granted such leave. To the extent that Plaintiffs are suggesting that this Court could excuse their failure to obtain leave to file their Second Amended Complaint and grant such leave *nunc pro tunc* to the

5

Without leave or consent, the Second Amended Complaint filed on June 2, 2020 is a legal nullity, meaning it could not have been the operative complaint at the time of removal and that removal was premature. *See Glass v. City of Chattahoochee*, No. 4:16CV124-WS/CAS, 2016 WL 3128370, at *4-6 (N.D. Fla. May 6, 2016), *report and recommendation adopted*, 2016 WL 3129218 (N.D. Fla. June 2, 2016) (recognizing that when leave of court is required to amend a complaint, the amended complaint remains "only a possibility" until leave is granted such that it cannot provide the basis for removal until leave is granted, at least when federal question jurisdiction is at issue); *Woide*, 2016 WL 10564854, at *3 n.4 (M.D. Fla. Dec. 5, 2016) ("If the SAC was a nullity, then the First Verified Amended Complaint remains the operative complaint . . . .");[8] *Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277, 1280 (M.D. Fla. 2014) ("In a

---

day before removal, I find that such leave is neither merited nor properly within this Court's jurisdiction   As described *infra*, including in footnote 8, I find the Court lacks subject matter jurisdiction and any further decisions about the propriety of the Second Amended Complaint are best left to the state court. If this Court granted leave to amend *nunc pro tunc*, it would effectively be conferring jurisdiction on itself because jurisdiction did not exist at the time of removal. Furthermore, even if the Court could grant such relief, the course of conduct Plaintiffs described does not merit granting leave to amend when they allowed approximately seven months to elapse between their (never granted) extended deadline and the conduct they describe, and when they did not even file their Second Amended Complaint for another nine months thereafter.

[8] In *Woide*, the court struck the unauthorized complaint before remanding the case to state court. *See* 2017 WL 5479699, at *1. On the other hand, in *Glass*, the court remanded the case without first ruling on the merits of a motion to dismiss and quash that was pending, finding as follows:

> Without the presence of federal claims, this Court did not acquire jurisdiction. Without jurisdiction, this Court lacks authority to dismiss any part of the complaint or quash the summons. Furthermore, no ruling may be entered on the motion to amend, ECF No. 12, filed by Plaintiffs. This case should be remanded to state court.

*Glass*, 2016 WL 3128370, at *6. While I think both cases ultimately reached the correct result, I agree with the approach the Court took in *Glass*. Since this Court would lack subject matter jurisdiction but-for the Second Amended Complaint, a finding that the Second Amended Complaint is a legal nullity means that there are no grounds for this Court to exercise subject matter jurisdiction. Because this Court lacks jurisdiction, it should not take any further action, including specifically striking the Second Amended Complaint before remanding this case. Rather

circumstance where a state court is required to act in order to potentially establish the jurisdictional prerequisites of federal court jurisdiction, a notice of removal filed prior to the granting of a motion to amend would be premature."); *White v. City of Jacksonville*, No. 3:17-CV-330-J-32MCR, 2018 WL 317051, at *3 (M.D. Fla. Jan. 8, 2018) ("Here, the state court did not grant Plaintiff's Motion to Amend nor did the City provide written consent to file the SAC before removal. Thus, at the time of removal, the Amended Complaint, which only asserts state law claims, was the operative complaint. Because there is no federal question before the Court, the Court lacks subject matter jurisdiction and the case must be remanded."); *Mininsohn v. Ocwen Loan Servicing, LLC*, No. 8:16-CV-3083-T-33TGW, 2016 WL 6569342, at *3 (M.D. Fla. Nov. 4, 2016) ("[A]t the time this action was removed, the operative complaint was Plaintiff's original complaint—which did not assert a cause of action arising under federal law—because the state court had not granted the motion for leave to amend, nor had the Defendant filed its notice of consent to Plaintiff's motion to amend. Since the operative complaint did not assert a cause of action arising under federal law and Defendant only based removal on 28 U.S.C. § 1331, remand for lack of subject-matter jurisdiction was appropriate."); *Barton v. Lamberti*, No. 08-60734-CIV, 2008 WL 11411257, at *1 (S.D. Fla. June 3, 2008) ("The better and more logical rule is that a case does not become removable until leave to amend is granted.").[9]

---

Defendants' motion to strike (and any other pending motions) instead should be denied as moot. I find it unnecessary to strike the Second Amended Complaint prior to remand given that it is a legal nullity. Defendants can, of course, re-raise their (obviously meritorious) motion to strike with the state court following remand.

[9] At the hearing, Defendants cited two cases, from district courts in other states, finding that the most recent amended complaints filed in those cases at the time of removal were the operative complaints at the time of removal despite the fact that those amended complaints were filed without leave of court. *See Mikkilineni v. PayPal Inc.*, No. CV 20-647-CFC-SRF, 2020 WL 3792183, at *2 & n.9 (D. Del. July 7, 2020); *De Espina v. Jackson*, No. CV DKC 15-2059, 2015 WL 6122329, at *2 (D. Md. Oct. 15, 2015). Defendants subsequently filed these cases as

7

Given that the Second Amended Complaint is a legal nullity and, thus, was not the operative complaint at the time of removal, the First Amended Complaint (excluding the four claims that had been dismissed) was the operative complaint at the time of removal. For the reasons articulated in Defendants' opposition to Plaintiffs' Remand Motion [DE 17], I am highly skeptical that this Court could ever have exercised jurisdiction over the only claims that were pending at the time of removal (Counts III and IV of the First Amended Complaint). However, the Court need not decide that question. A party is generally required to remove a case within 30 days of it becoming removable. *See* 28 U.S.C. § 1446(b). Even if this Court could have had jurisdiction over the First Amended Complaint (as Plaintiffs argue in the Remand Motion) at the time it was filed, removal of the First Amended Complaint 20 months later, in July 2020, was clearly untimely.

For the foregoing reasons this Court lacks subject matter jurisdiction, and this case must be remanded.

## **CONCLUSION**

For the reasons discussed above, I **recommend** that the District Court **REMAND** this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and

---

supplemental authority [DE 40] in support of their contention that the Court should consider the Second Amended Complaint as the operative complaint here, exercise subject matter jurisdiction, and consider Defendants' Motion to Strike and Dismiss in full. However, I find these cases unpersuasive. Neither case provides any real analysis on this issue, and neither case discusses whether the amended complaints under consideration were legal nullities under applicable law (like the Second Amended Complaint is here). Significantly, it is logically inconsistent for a complaint to be a legal nullity on one hand and the operative complaint on the other hand. Moreover, my conclusion that the Second Amended Complaint was not the operative complaint at the time of removal is consistent with the several Florida federal district court decisions referenced above.

that the District Court **DENY as moot** the Remand Motion [DE 10], the Motion to Strike and Dismiss [DE 5], and any other pending motions.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 18th day of November 2020.

*/s/ Jared Strauss*
Jared M. Strauss
United States Magistrate Judge